DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRY TYRONE PULLEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-769

[August 9, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562020CF000643.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the defendant's felony convictions for possession of controlled substances, and an accompanying misdemeanor conviction for possession of drug paraphernalia, as well as his resulting sentences. However, we accept the State's concession of error with respect to the trial court's assessment of $935 as the fee for the public defender's services because the amount imposed exceeded the statutorily authorized maximum without "a showing of sufficient proof of higher fees" incurred as required by section 938.29(1)(a), Florida Statutes (2020).

The defendant pled no contest to the charged crimes. The defendant did not agree as part of his plea to the $935 imposed as the public defender's fee. The trial court also heard no evidence at sentencing in support of the amount imposed for the fee, nor did the trial court orally pronounce the fee at sentencing.

As the defendant argues and the State concedes, a trial court is required to impose as part of the judgment in every felony case "no less

than $100" as a fee for the representation provided the defendant by court-appointed counsel. § 938.29(1)(a), Fla. Stat. (2020). A trial court may only "set a higher amount" for the fee "upon a showing of sufficient proof of higher fees" incurred. *Id.*

We therefore reverse the $935 public defender's fee. On remand, the trial court is directed to either reduce the fee to the statutorily required amount, or provide the defendant with notice and an opportunity to object to the greater amount at a hearing. *See Godfrey v. State*, 180 So. 3d 218, 219 (Fla. 4th DCA 2015) (reversing $300 public defender's fee and remanding either for a reduction in the fee to the statutorily required amount, or notice to the defendant and an opportunity to object to the greater amount at a hearing); *Escobar v. State*, 308 So. 3d 174, 176 (Fla. 4th DCA 2020) (reversing $1,250 conflict counsel fee and remanding either for a reduction in the fee to the statutorily required amount, or a hearing justifying the greater amount).

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., FORST and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***